JAMES R. ROBINSON *v.* GRUBB & HENLEY.

PLEADING AND PRACTICE AT LAW.  *Action prematurely brought.*  While it is proper to make the defense to an action, that it is prematurely brought, by plea in abatement, yet it is equally proper and more usual to do so on the hearing on its merits.

Cases cited:  *Carter* v. *Turner,* 2 Head, 52;  *Bell* v. *Bullion,* 2 Yer., 479.

FROM M'MINN.

Appeal from the Circuit Court.  JOHN B. HOYL, Judge.

BURGE and W. J. HICKS for plaintiff.

STALEY & McCROSKEY for defendants.

FREEMAN, J., delivered the opinion of the court.

This is an action of trover by Robinson, to recover against the defendants the value of nine head of cattle, alleged to have been taken and converted in the fall of 1863.

This suit was commenced October 4th, 1869.  Defendants plead not guilty, and a special plea, that they had agreed to pay $300 to said Robinson, in discharge of the claim sued on, and in pursuance of said agreement, the said sum had been paid and received by the said Robinson before the commencement of this suit.  On these two pleas, issues, traversing their truth, were joined, and the case tried, resulting in a verdict for the defendants.

Several questions have been debated before us, as

ground for reversal of the judgment, only one of which need be noticed, as we deem it conclusive of the case.

It appears from the record clearly, that the $300 was paid to Robinson in full satisfaction of this claim, and so accepted and received by him. The only issue made in the case in this record is, whether that was true or not. No other question is made by the pleadings on this subject.

It is true, there is proof in the record to show, that Henley had brought suit against Robinson to recover this money back, and before the commencement of Robinson's suit against him and Grubb, and that he did so recover ultimately in the circuit court. It is claimed that this fact entitled Robinson to bring this suit. At any rate, that having brought it, he was entitled to maintain it, although no recovery had been had against him by Henley. We need not discuss this question at length, as no such question was involved or raised by the issues made in the pleadings, the only question, as we have said, being whether the $300 was paid and received in full satisfaction of the claim.

In this view of the case we need not decide the other questions presented in argument, it being immaterial whether the suit was prematurely brought or not, if the issue joined on this plea of accord and satisfaction be sustained, as it is by the testimony.

As to the question made, that the fact that no cause of action existed at the time suit was brought, can only be taken advantage of by plea in abatement, it suffices to say, that while the case of *Carter* v. *Turner,*

Robinson *v.* Grubb & Henley.

2· Head, 52, so holds, citing 1 Ch. on Pl., 453, as authority, does not sustain · the rule laid down. It only lays down, that it is a proper mode of raising the question, but adds : " But as these matters are ground of demurrer or *non-suit*, it is now very unusual to plead them in abatement."

A non-suit in England is moved for by the defendant for want of evidence on which the party is entitled to recover on the trial, and not, as in our practice, by the plaintiff. So that this authority is really the very opposite to that for which it is cited in the case referred to. Numerous English as well as American authorities held that advantage may be taken of this on the hearing. Our own cases, except the one case, all go on this principle. *Bell* v. *Bullion*, 2 Yer., 479, is a direct authority on the question. See other cases to the same effect cited in Heiskell's Dig., p. 11.

Let the case be affirmed.